### No. 22,907.
### First Circuit Appeal.

---

### NORTON-BERGER SHOE COMPANY v.
### J. B. RIDEAU.

---

(December 30, 1924, Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Fraudulent Conveyances—Par. 57.**
Where a friend of a merchant purchased a considerable portion of his stock paying the money to one of the creditors of the merchant, the transaction being in good faith and without any intention of defrauding, it will not be considered void and the purchaser will not become a receiver for the creditors of the merchant under Act No. 114 of 1912.

2. **Louisiana Digest, Fraud—Par. 3, 10.**
Even though the sale is prima facie fraudulent under Act No. 114 of 1912, the evidence in this case overcomes the supposed fraud.

Appeal from the 16th Judicial District Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit to have a sale of goods declared void and the purchaser made a receiver for the creditors of the merchant from whom he purchased and to compel the purchaser to pay the plaintiff the sum due them by the merchant.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Sandoz & Sandoz, of Opelousas, attorneys for plaintiff, appellant.

W. A. Robertson, of Opelousas, attorney for defendant, appellee.

ELLIOTT, J. The Norton-Berger Shoe Company, alleging that J. B. Rideau had bought out in bulk a stock of merchandise belonging to its debtor G. C. Haydel, without complying with the requirements of the law, Act 114 of 1912, brought suit to compel Rideau to pay the amount due it by said Haydel, alleged to be $149.97 with interest.

The defendant is his answer admits that he bought $331.00 dollars worth of goods from Mr. Haydel at one time but was informed at the time that the Iberville Wholesale Grocery Co. was Haydel's only creditor and paid his purchase $276.00 at the time of making it to the agent of said Wholesale Grocery Co., who was present at the time endeavoring to collect an account for said amount from Haydel and that he afterwards paid the balance $54.78 to Mrs. Haydel, wife of G. C. Haydel and had been since informed that she turned it over to other creditors. Alleges in his answer that he acted in good faith and prayed that plaintiffs demand be refused.

It was established on the trial that G. C. Haydel was not at home at the time in question, that he had been absent for some time in the state of Texas where he was employed and that his wife, Mrs. Haydel, was in charge of the store and sold him the goods. According to the evidence Rideau happened to be at the Haydel store and the agent and collector of Iberville Wholesale Grocery Co. came in and demanded of Mrs. Haydel, payment of the account due Iberville Wholesale Grocery Co; she didn't have the amount and the collector insisted on being paid the money; whereupon she requested Rideau to buy enough goods to

pay the amount due Wholesale Grocery Co., and he consented to do so for the purpose of obliging her. He then and therefore selected from the stock shoes and various other articles at a price equal to the cost with sufficient added to meet the freight and expenses and paid the collector of Iberville Wholesale Grocery Co., the amount of its account $276.00 cash. He went home and procured a wagon and hauled the goods home in two loads; his family used some of the goods; the balance he placed in his own store; he afterwards paid the balance $54.78 to Mrs Haydel.

The testimony of the defendant Rideau is not contradicted by plaintiff's witnesses; and his standing in the community and veracity is well vouched for. Mrs. Haydel continued the business; had a general stock left; but in about 3 weeks she closed the store. Plaintiff alleges in his petition that Mr. Haydel is a non-resident; his address unknown to petitioner.

Witnesses asked as to the amount of stock left in Haydel's store after defendant's purchase; estimate the stock at from $1000.00 to $2000.00.

. We agree with plaintiff that defendant's purchase was not in the usual course of retail trade and in amount, was an important part of Haydel's stock, but we do not find that it was the intent of Mrs. Haydel or J. B. Rideau to cheat or defraud the creditors of Haydel.

The law, Act 114 of 1912 Sec. 2, provides that "intent to cheat or defraud" is an essential element when the sale is not made of an entire stock and by Sec. 5, the failure of the vendor to pay over the sum to the creditors is made *prima facia* evidence of such intent on the part of the seller; but evidence shows that $276.00 was paid over to a creditor there and then Sec. 4 of the Act which makes failure to have made an inventory and to obtain a list of the creditors under oath, etc., when a part of the stock is transferred, *prima facia* fraudulent and void is satisfied by evidence which overcomes the *prima facia* fraud and establishes the contrary to the satisfaction of the court and when done, the sale is not void and the buyer should not be held to have become a receiver for the creditors of the transferor.

The facts in this case make it different in that respect from two cases appealed from the parish of Vernon against Wise & McAlpin.

We are of the opinion that Rideau acted in good faith, without fraud and that the creditors of Haydel have not been injured by his purchase.

We therefore hold that the sale to him by Mrs. Haydel was not void and that he should not become a receiver for the creditors of Haydel.

The district judge placed his judgment on Art. 3556 of the Code, paragraph 6, and on definitions of the word "bulk" contained in Law Dictionaries.

We find that he arrived at a correct conclusion and the judgment should be affirmed. It is therefore ordered, adjudged and decreed that the judgment appealed from herein be and the same is hereby affirmed; the plaintiff and appellant to pay the cost of both courts.